IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHLEEN SEIFERT

    Plaintiff,

    v.

UNITED STATES OF AMERICA, UNITED STATES FOREST SERVICE, UNITED STATES DEPARTMENT OF AGRICULTURE, and DOES 1-25, inclusive,

    Defendants.

CIV-S-04-0553 DFL GGH

MEMORANDUM OF OPINION AND ORDER

Defendants move for summary judgment arguing that plaintiff Kathleen Seifert ("Seifert") cannot prove that they caused her injuries. For the reasons stated below, the court: (1) GRANTS defendants' motion to exclude the testimony of Seifert's retained expert witnesses who did not submit an expert report; (2) DENIES defendants' motion to exclude testimony from Seifert's treating physicians; (3) GRANTS defendants an opportunity to depose Seifert's treating physicians on their opinions as to the cause of her injuries; and (4) DENIES defendants' motion for summary judgment.

1

I.

Seifert alleges that on November 26, 2001, Scott Miles, a United States Forest Service employee, struck her vehicle and injured her. (Compl. ¶¶ 10, 12.) On March 19, 2004, Seifert brought this suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, seeking damages for her injuries. On May 25, 2004, the parties stipulated that Scott Miles was acting within the scope of his employment when he struck Seifert. (Stip. 5/25/2004.) Based on this stipulation, the court dismissed Scott Miles from the claim with prejudice and Seifert substituted the United States as a defendant. (Id.)

II.

Defendants argue that Seifert cannot prove they caused her injuries because the witnesses on which she relies have not provided expert reports and should be excluded from testifying. (Mot. at 4.) Defendants seek to exclude: (1) Seifert's retained expert witnesses from testifying entirely; and (2) Seifert's treating physicians from testifying about the cause of her injuries or whether her medical care was reasonably necessary.

A. Exclusion of Seifert's Retained Experts

First, defendants argue that Seifert's retained expert witnesses must be excluded from testifying at trial because they have not provided expert reports. (Mot. at 10.)

Fed. R. Civ. P. 26 establishes two types of experts: (1) "those who may qualify as experts, but are not retained or specially employed"; and (2) "those who are retained or specially

2

employed to provide testimony in the case." <u>Shapardon v. W. Beach Estates</u>, 172 F.R.D. 415, 416 (D. Haw. 1997). Under Rule 26(a)(2)(B), witnesses who are retained or specially employed to provide expert testimony must provide a written report to the opposing party. If a party fails to disclose the information required under Rule 26(a), the party cannot use that expert at a trial, at a hearing, or on a motion, unless the failure is harmless. Fed. R. Civ. P. 37(c)(1).

The scheduling order in this case required the parties to make expert witness disclosures under Rule 26(a)(2) by March 1, 2005. (Order 6/28/2004.) Under Rule 26(a)(2)(B), expert witness disclosures must include expert reports. Seifert designated three retained expert witnesses: (1) an accident reconstructionist; (2) a rehabilitation counselor; and (3) a biomechanical analyst. (Mot. at 2.) However, she failed to provide defendants with expert reports from any of these witnesses by March 1, 2005. (Luther Decl. ¶ 2.) Because Seifert did not comply with Rule 26(a)(2)(B) and violated the scheduling order, the court GRANTS defendants' motion to exclude Seifert's three retained expert witnesses.[1]

B. Seifert's Treating Physicians

In their second argument, defendants claim that Seifert's treating physicians cannot testify about the cause of her

---

[1] The failure to turn over expert reports cannot be described as harmless, particularly when the time for discovery has elapsed.

3

injuries because they have not provided expert reports.  (Mot. at 6.)

District courts are split on this issue.  See Martin v. CSX Transp., Inc., 215 F.R.D. 554, 556 (S.D. Ind. 2003) (recognizing split).  Some courts prohibit treating physicians from testifying on causation if they do not provide an expert report.  See Thomas v. Consol. Rail Corp., 169 F.R.D. 1, 2 (D. Mass. 1996) (requiring a treating physician to file an expert report before opining on causation); Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 593-94 (D. Neb. 1995) (same).

Other courts allow treating physicians to give opinions on causation without providing an expert report if the physician bases the opinion on knowledge acquired in the course of treatment.  See Shapardon, 172 F.R.D. at 416-17 (finding a treating physician could testify about the cause of an injury if he based his opinion on the examination and treatment of the patient) (collecting similar decisions).

Given the express language of Rule 26(a)(2)(B), it is surprising that there should be such uncertainty on this issue.  Rule 26(a)(2)(B) only requires disclosure of reports from "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony . . . ."  In addition, the advisory committee notes state that a treating physician "can be deposed or called to testify at trial" without providing a written report.  Fed. R. Civ. P. 26(a)(2), Advisory Committee's

Notes, 1993 amendment. The rule and comments could not be any clearer: a treating physician, called upon to give expert testimony, is not required to prepare a report. Given that Seifert has not specially employed her treating physicians to provide expert testimony in this case, she was not required to disclose a report at the time of their designation as experts. Therefore, the court DENIES defendants' motion to exclude testimony from Seifert's treating physicians for failure to prepare a report.[2] However, in light of the uncertainty in the case law, the court GRANTS defendants' request to depose the identified treating physicians concerning any expert opinions that they may offer at trial.

Because Seifert's treating physicians are not barred from testifying at trial, defendants have not established that Seifert will be unable to prove causation. Therefore, the court DENIES defendants' motion for summary judgment.

### III.

For the reasons stated above, the court: (1) GRANTS defendants' motion to exclude the testimony of Seifert's retained expert witnesses who did not submit an expert report; (2) DENIES defendants' motion to exclude testimony from Seifert's treating physicians; (3) GRANTS defendants an opportunity to depose Seifert's treating physicians on their expert opinions; and (4)

---

[2] There may be other grounds to exclude or limit the treating physicians' expert testimony. These matters can be explored at the pre-trial conference and through pre-trial in limine motions.

5

1  DENIES defendants' motion for summary judgment.
2       IT IS SO ORDERED.
3  Dated: 12/14/2005

                                   _____
                                   DAVID F. LEVI
                                   United States District Judge